UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LONNIE SPELLMAN, : CIVIL ACTION NO. 3:CV-12-0781
    Petitioner : (Judge Nealon)
v. :
ROBERT COLLIN, et al., :
    Respondents :

FILED
SCRANTON
MAR 1 4 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Lonnie Spellman, an inmate at confined in the State Correctional Institution, Frackville, Pennsylvania, filed this action pursuant to 28 U.S.C. § 2254. Petitioner challenges a May 21, 2010, decision of the Pennsylvania Board of Probation and Parole to revoke Petitioner's parole and recommit him as a convicted parole violator, thereby causing a recalculation of his maximum sentence date. For the reasons that follow, the Court will dismiss the petition, (Doc. 1).

## Background

On July 23, 1996, Spellman was sentenced in the Court of Common Pleas for Philadelphia County to a ten (10) to twenty (20) year term of incarceration for third degree murder. (Doc. 10-2, Ex. 1, Sentence Status Summary). At that time, the Pennsylvania Department of Corrections calculated Spellman's minimum sentence expiration date to be July 28, 2005 and his maximum expiry as July 28, 2015. Id.

On May 1, 2007, Spellman was granted parole and was released from incarceration on June 18, 2007. (Doc. 10-2, Ex. 2, Order to Release on Parole/Reparole).

On July 31, 2009, Spellman was arrested in Philadelphia and charged in the Philadelphia Court of Common Please at CP# 10295-2009, with Possession of a Firearm Prohibited, Firearm Not to be Carried Without a License, Carry Firearms in Public in Philadelphia, and Person Not to Possess, Use, etc, Firearms. (Doc. 10-2, Ex. 3, Philadelphia

County Docket Sheet).

On August 1, 2009, after having learned of Spellman's criminal charges, the Pennsylvania Board of Probation and Parole issued a warrant to detain Petitioner pending the disposition of his criminal charges. (Doc. 10-1, Att. A, Declaration of Carol Francavilla, Parole Manager for the Pennsylvania Board of Probation and Parole).

On September 15, 2009, the Court released Spellman on unsecured bail from the charges at CP#10295-2009; however, he remained confined on the Board's detainer. (Id. and Doc. 10-2, Ex. 3, docket sheet).

On September 22, 2009, Spellman was returned to a state correctional institution. (Doc. 10-2, Ex. 4, Moves Report for Inmate NO. DB-0910).

On January 6, 2010, Spellman was transferred by writ to the Philadelphia County Prison for his criminal trial. Id. That same day, he was found guilty of Possession of a Firearm Prohibited, Firearm Not to be Carried Without a License, and Carry Firearms in Public in Philadelphia. (Doc. 10-2, Ex. 5, Trial Disposition and Dismissal Form). Spellman was then returned back to the state correctional institution. (Doc. 10-2, Ex. 4, Moves Report for Inmate NO. DB-0910).

On February 18, 2010, Spellman was transferred by writ to the Philadelphia County Prison for sentencing. Id. On that same date, he was sentenced in the Philadelphia Court of Common Pleas to a five (5) to ten (10) year term of incarceration in a state correctional institution for his new convictions. (Doc. 10-2, Ex. 6, Sentence Order). Spellman was then returned to a state correctional institution. (Doc. 10-2, Ex. 4, Moves Report for Inmate NO. DB-0910).

On April 8, 2010, after seven attempts to get the proof of conviction for case CP#10295-2009, Board Investigator Adrienne Singleton obtained proof of Spellman's conviction. (Doc. 10-2, Ex. 7, Revocation Hearing Trial Transcript at 15).

On May 21, 2010, Spellman appeared before the Board for his parole revocation hearing. (Doc. 10-2, Ex. 7, Revocation Hearing Trial Transcript). Spellman waived his right to

counsel at the hearing, as well as objected to the timeliness of the hearing. Id. The Board overruled his timeliness objection because the proof of conviction was not obtained until April 8, 2010. Id.

Following the hearing, by Board decision recorded June 1, 2010, the Board recommitted Spellman as a convicted parole violator, based on the following:

> As recorded on June 1, 2010, the Board of Probation and Parole rendered the following decision in your case:
>
> Recommit to a state correctional institution as a convicted parole violator to serve 48 months backtime.
>
> – 48 months for the offenses possession of a firearm prohibited, firearms not to be carried without a license, and carry firearm on the street
>
> Evidence relied on: Certified copy of court record proving conviction. Parole Agent's testimony.
>
> Reason: Conviction in a court of record established. Not amenable to parole supervision. You are considered a threat to the safety of the community.
>
> While confined, you must comply with the institution's prescriptive program requirements and have no misconducts.
>
> Not eligible for reparole until 12/18/2013
>
> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days of this order. This request shall set forth specifically the factual and legal basis for the allegations, See 37 PA Code Sec. 73. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.
>
> Parole Violation Max Date: 1/25/2018
>
> Date Mailed: June 8, 2010.

(Doc. 10-2, Ex. 8, Notice of Board Decision dated June 1, 2010).

On July 2, 2010, Spellman filed an Administrative Appeal challenging the timeliness of his revocation hearing, the evidence relied on at the hearing, the Board's jurisdiction, and the recalculation of his maximum release date. (Doc. 10-2, Ex. 10, Appeal).

On September 30, 2010, the Board responded to the petition with the following:

> This is a response to your administrative appeal received July 2, 2010.

Specifically, you all that the Board: (1) failed to hold a timely revocation hearing, (2) recommitted you based on hearsay evidence, (3) did not have jurisdiction to revoke your parole, and (4) erred in recalculating your max date.

Firs, the record reflects that you were returned to a state correctional institution prior to your new convictions. As such, the Board was required to hold a revocation hearing within 120 days of the date official verification of the conviction was received. 37 Pa. Code § 71.4; See also Montgomery v. Pennsylvania Board of Probation and Parole, 808 A.2d 999 (Pa. Commw. Ct. 2002). In this case, official verification was received on April 8, 2010 and the hearing was held 43 days later on May 21, 2010. Therefore, the revocation hearing was timely. Additionally, the record reflects that the Board exercised due diligence in obtaining official verification of the conviction despite the fact that it was not obligated to do so. Lawson v. Pennsylvania Board of Probation and Parole, 977 A.2d 85 (Pa. Commw. Ct. 2009).

Second, the Board found that you were convicted of the offenses listed in violation of your parole based on the court documentation submitted at the hearing. The Board found that this documentation was sufficiently authentic, relevant, accurate and reliable in accordance with 37 Pa. Code § 71.5. The panel agrees with the Board's assessment. Moreover, because you did not raise a hearsay objection at the violation hearing, you waived any right to make that objection. Maxfield v. Pennsylvania Board of Probation and Parole, 538 A.2d 628 (Pa. Commw. Ct. 1988).

Third, the record reflects that you were on parole at the time of the offense, you were convicted in a court of record and the offenses were punishable by imprisonment. Thus, the Board had authority to recommit you as a convicted parole violator under the Prisons and Parole Code, 61 Pa. C.S. § 6138. Additionally, there is nothing in the record that supports your claim of an ex post facto violation.

Lastly, because you allege that you are entitled to credit for the period you resided at Coleman Hall in Philadelphia, Pennsylvania, **an evidentiary hearing will be scheduled** to determine if you are entitled to that credit. Specifically, you allege that you are entitled to credit for approximately one year there beginning on July 28, 2007. The Board's records reflect that you resided at Coleman Hall for two separate period during the time you indicated. Those periods were July 28, 2007 to January 14, 2008 and January 17, 2008 to June 2, 2008. These are the periods the hearing will address. If you believe these dates are incorrect, you may present evidence of that at the hearing. If you prevail at the evidentiary hearing, your max date will be adjusted as necessary. In addition, because an evidentiary hearing is pending, the Board cannot affirm or reverse the calculation reflected in the Board decision mailed June 8, 2010 at this time. Arguelles v. Pennsylvania Board of Probation and Parole, 892 A.2d 912 (Pa. Commw. 2006). After a decision from the evidentiary hearing is rendered, you may filed an administrative appeal/petition for administrative review from that decision if you do not

4

>receive the credit you request.
>
>Accordingly, the appeal panel finds no grounds to grant administrative relief and the Board decision mailed June 8, 2010 is AFFIRMED only in regards to the revocation decision. An evidentiary hearing will be scheduled in regards to the period you resided in Coleman Hall.

(Doc. 10-2, Ex. 11, Board letter mailed September 30, 2010 (emphasis in original)).

On December 6, 2010, Spellman filed a petition for review in the Commonwealth Court of Pennsylvania, invoking the Court's original jurisdiction. (Doc. 10-2, Ex. 12, Commonwealth Court Docket Sheet for 912 M.D. 2010).

By Order dated December 14, 2010, the Commonwealth Court dismissed the petition for lack of original jurisdiction, stating that "such an action is properly brought in this court's appellate jurisdiction," and "this court's original jurisdiction cannot be used to revive lapsed appeal rights." (Doc. 10-2, Ex. 13, Order).

On January 3, 2011, Spellman appealed the Commonwealth Court's decision to the Pennsylvania Supreme Court at Docket No. 8 EAP 2011. (Doc. 10-2, Ex. 14, PA Supreme Court Docket Sheet).

On April 19, 2011, Spellman filed a brief in the Pennsylvania Supreme Court arguing that the Commonwealth Court erroneously dismissed his petition. (Doc. 10-2, Ex. 15, Appellant's Brief). On June 9, 2011, the Board filed its brief, arguing that the matter was properly dismissed for lack of jurisdiction. (Doc. 10-2, Ex. 16, Appellee's Brief).

By Order dated March 26, 2012, the Pennsylvania Supreme Court affirmed the Commonwealth Court, without prejudice to Spellman's ability to file a request to the Commonwealth Court to appeal, nunc pro tunc. (Doc. 10-2, Ex. 17, Order). No further appeals were filed.

On April 26, 2012, Spellman filed the above-captioned petition for writ of habeas, challenging the timeliness of the revocation hearing, the recommitment term he received, that his sanction violated the ex post facto clause, and that he received ineffective assistance of counsel. (Doc. 1, petition). A response, (Doc. 11), and traverse, (Doc. 12), having been filed, the petition

5

is ripe for review.

**Discussion**

A federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999). The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. Id.; Barnhart v. Kyler, 318 F. Supp. 2d 250, 256 (M.D. Pa. 2004). All claims must have been fairly presented to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). The habeas petitioner bears the burden of proving exhaustion of all available state remedies. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

The failure of a petitioner to "fairly present" federal claims in state court bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted. Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir.), cert. denied, 537 U.S. 897 (2002). The reason for this doctrine is that a habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. Coleman v. Thompson, 501 U.S. 722, 732 (1991). Thus, "federal courts must ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e. whether he has fairly presented his claims to the state courts." Cristin v. Brennan, 281 F.3d at 410.

In the case of a parole violator, such as Petitioner, the petitioner must first challenge the Board's decision by filing an administrative appeal, see 37 Pa. Code § 73.1(b)(1)[1], then by an appeal to the Pennsylvania Commonwealth Court, and then by a petition to the Pennsylvania Supreme Court for allowance of appeal. See McMahon v. Pennsylvania Board of Probation & Parole, 504 Pa. 240, 470 A.2d 1337 (1983); Evans v. Pennsylvania Dep't of Corr., 713 A.2d 741

---

[1]Title 37 Pa. Code § 73.1(b)(1) provides that "[p]etitions for administrative review shall be received by the Board's Central Office within 30 days of the mailing date of the Board's determination."

(Pa. Commw. 1998); St. Clair v. Pennsylvania Board of Probation & Parole, 493 A.2d 146 (Pa. Commw. 1985).

It is undisputed that Spellman attempted to seek review of the Board's June 1, 2010, decision with the filing of a petition for administrative review. Petitioner's administrative review request was granted to the extent that the Board determined that, in light of Petitioner's allegations, an evidentiary hearing needed to be scheduled.[2] There is no indication that Petitioner had received his evidentiary hearing at the time the instant petition was filed. Consequently, per the requirements of Pennsylvania's Parole Act and the Cox decision, Spellman must present his claims that he is entitled to time credit toward his sentence for this time at Coleman Hall at an evidentiary hearing. Thereafter, if Spellman desires, he can follow the appropriate appeal procedures to seek review of the decision through the administrative agency appeals to the Pennsylvania state courts. However, as of the filing of the petition and response, Spellman had not yet presented this claim. As such, the petition is not ripe for judicial review with respect to Petitioner's claim of credit for time in a residential treatment facility.

With respect to Petitioner's remaining claims, Spellman had the right to appeal the Board's response mailed to him on September 30, 2010 to Pennsylvania Commonwealth Court's appellate jurisdiction within 30 days (i.e. on or before November 1, 2010). See Pa. R.A.P. 1512. Spellman failed to file this appeal. Instead, he let his appeal right lapse and then attempted to revive that right by filing an action in Commonwealth Court's original jurisdiction on December 6, 2010. Because this was not the proper jurisdiction for Spellman's challenge, the Court

---

[2] In Cox v. Pa. Board of Probation & Parole, 492 A.2d 680, 683 (Pa. 1985), the Pennsylvania Supreme Court explained, "all forms of parole involve some restraint on the parolee's liberty, and non-compliance with them can result in arrest and recommittal as a technical parole violator." However, the Pennsylvania Supreme Court declined to adopt a per se rule that all time spent in residential treatment facilities as a condition of parole is time "at liberty on parole." Id. Instead, the Pennsylvania Supreme Court developed the need for the Board to conduct evidentiary hearings with regard to whether a parolee's time in a residential treatment facility is time "at liberty on parole." Id. These hearings place the burden on the parolee to make a case that a particular residential treatment facility is the equivalent of prison thereby entitling the parolee to sentence credit for the time spent at that facility. See also Harden v. Pa. Board of Probation & Parole, 980 A.2d 691 (Pa. Cmwlth 2009).

7

dismissed his claim on December 14, 2010 without addressing the merits. By failing to properly avail himself of the state court remedy within the time provided, Spellman deprived the Commonwealth Court of the opportunity to address his claims. As such, his challenge to the June 8, 2010, parole revocation decision was not "fairly presented" at the state level because it was not properly presented to the Commonwealth Court. Spellman's failure to properly present his claim to the Commonwealth Court also prevented the Pennsylvania Supreme Court from being able to properly review his challenge. See 42 Pa. C.S. § 724. Spellman's failure to fairly present his claims before the Pennsylvania Commonwealth Court and the Pennsylvania Supreme Court constitutes an independent and adequate state ground sufficient to support a procedural default of this claim. Barnhart v. Kyler, 318 F. Supp. 250 (M.D. Pa. 2004).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617, *2 (E.D. Pa. June 7, 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.), cert. denied, 122 S.Ct. 396 (2001).

Petitioner has not alleged cause or prejudice, nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, his challenge to the decision of the Pennsylvania Board of Probation and Parole must be rejected on the ground that Spellman failed to pursue those issues in the state

courts and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, the petition for writ of habeas corpus will be dismissed for failure to seek final administrative review and exhaust state court remedies.

A separate Order will be issued.

Dated: March 14, 2013

/s/ William Nickerson
United States District Judge